## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDIO BERTI, EXECUTOR OF THE ESTATE OF ANNA MARIA ORECCHIA, deceased | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | JURY TRIAL |
| | : | DEMANDED |
| AIRBNB, INC. and LUNA BARAKAT | : | |
| Defendants | : | No. 19-3686 |

### AMENDED COMPLAINT

**NOW**, comes Plaintiff, Claudio Berti, Executor of the Estate of Anna Maria Orecchia, deceased, by and through his undersigned counsel, Munley Law, P.C., and avers as follows:

### THE PARTIES

1.     Plaintiff, Claudio Berti, Executor of the Estate of Anna Maria Orecchia, deceased, ("Plaintiff"), is a competent adult individual and a citizen of Idaho who resides at 812 E. 7th St., Moscow, Idaho 83843.

2.     Defendant Airbnb, Inc., upon information and belief, is an incorporation and/or other business entity organized and existing under the laws of the State of California with its principal place of business at 888 Brannan Street, 4th floor, San Francisco, California 94103.

3.     Defendant Luna Barakat, upon information and belief, is a competent adult individual and a citizen of Pennsylvania who owns premises located at 1050 North Plymouth Street, Allentown, Pennsylvania 18109-1558.

## JURISDICTION AND VENUE

4.     The amount in controversy in this matter exceeds the sum or value of $75,000.

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

6.     Venue is proper pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

7.     At all times pertinent hereto, Defendant Luna Barakat owned, managed, controlled, supervised, inspected, repaired and/or operated the property, including the basement stairs area located at 1050 North Plymouth Street, Allentown, Pennsylvania 18109.

8.     At all times pertinent hereto, Defendant Airbnb, Inc., owned and/or operated/ and/or controlled the improperly designed, constructed, deteriorated or inherently defective basement stairs located at 1050 North Plymouth Street, Allentown, Pennsylvania 18109.

9.     At all times pertinent hereto, it was the duty of Defendant Airbnb, Inc., and Defendant Luna Barakat to maintain the aforementioned premises.

10.     At all times pertinent hereto, it was the duty of Defendant Airbnb, Inc., and Defendant Luna Barakat to make the subject premises safe for ordinary and foreseeable use and to make sure no dangerous and hazardous conditions existed.

11.     At all times pertinent hereto, it was the duty of Defendant Airbnb, Inc., and Defendant Luna Barakat to make sure the subject premises was in a safe condition for tenants and/or transient lodgers and not dangerous.

12.     At all times material hereto, the Plaintiff's deceased, Anna Maria Orecchia, and the Plaintiff's brother, Marco Berti, rented a home through Defendant Airbnb, Inc., owned by Defendant Luna Barakat located at 1050 North Plymouth Street, Allentown, Pennsylvania 18109 from 11/16/17 to 11/30/17.

13.     The Plaintiff's brother, Marco Berti, used Defendant Airbnb, Inc.'s website, and, as a business invitee, relied upon Defendant Airbnb, Inc.'s selection of properties to be safe and free of dangerous and hazardous conditions.

14.     Defendant, Airbnb, Inc., and Defendant Luna Barakat advertised the presence and use of the basement laundry facilities to prospective tenants and/or transient lodgers.

15.     On or about November 18, 2017, in the very early hours of the morning, Plaintiff's deceased was a transient lodger at the aforementioned premises and was lawfully descending the basement stairs when suddenly and without warning she was caused to fall down the stairs due to their defective and dangerous condition and sustain fatal injuries, as described in detail below, which ultimately resulted in Plaintiff's decedent's death.

16.     Upon information and belief, Defendants had actual and/or constructive notice and therefore were or should have been aware of the improperly designed, constructed, deteriorated or inherently defective basement stairs located on the property located at 1050 North Plymouth Street, Allentown, Pennsylvania 18109, prior to Plaintiff's decedents' injuries, but failed to remedy the situation.

17.     The aforementioned incident was due to the negligent conduct, careless conduct, gross, wanton, and reckless conduct of Defendants and in no way due to any negligent act or failure to act on part of Plaintiff.

18.     As a direct and proximate result of the of the negligent, careless, gross, wanton, and reckless conduct of Defendants as hereinafter set forth more fully at length, Plaintiff's decedent suffered the following: multiple left rib fractures, left scapular fracture, multiple areas of hemorrhage, left traumatic hemopneumothorax, laceration to the occipital portion of the head, nondisplaced

skull fracture, headaches, intraparenchymal hemorrhage, pneumothorax, all of
which caused her great pain and suffering and mental anguish and resulted in her
death on November 27, 2017.

19.     As a direct and proximate result of the negligence, careless, gross,
wanton, and reckless conduct of Defendants as hereinafter set forth more fully, the
children of Plaintiff's decedent, Anna Maria Orecchia, suffered the loss of their
mother.

20.     As a direct and proximate result of the negligence, careless, gross,
wanton, and reckless conduct of Defendants as hereinafter set forth more fully,
Plaintiff's decedent suffered conscious physical and mental pain and suffering prior
to her death.

**COUNT ONE**
Plaintiff, Claudio Berti, Executor of the Estate of Anna Maria Orecchia, deceased
v. Airbnb, Inc.
**Survival Act**

21.     Paragraphs 1-20 above are incorporated herein by reference as if fully
set forth here at length.

22.     Plaintiff, Claudio Berti, Executor of the Estate of Anna Maria
Orecchia, deceased, brings this action on behalf of the Estate of Anna Maria
Orecchia, deceased, as Executor of the estate, under and by virtue of the Probate,
Estate and Fiduciary Code of Pennsylvania, 20 Pa. C.S.A. §3373 and the
Pennsylvania Survival Act, 42 Pa. C.S.A. §8302.

23.     The decedent, Anna Maria Orecchia, did not institute suit during her lifetime against Defendant Airbnb, Inc. in this action for the damages resulting from or the injuries caused by the negligent acts and omissions which resulted in harm to, and the eventual death of Anna Maria Orecchia.

24.     The aforementioned incident was due to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Airbnb, Inc., and in no way due to any negligent act or failure to act on the part of the Plaintiff's decedent Anna Maria Orecchia.

25.     As a direct and proximate result of the negligent acts and omissions of Defendant Airbnb, Inc., as set forth in this Complaint, decedent Anna Maria Orecchia sustained pain and suffering, both physical and mental, prior to her death.

26.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Airbnb, Inc., in its own right and by and through the acts and or omissions of the Defendant Luna Barakat, consisted of the following:

   a.  failure to warn Plaintiff's decedent of the existence of the unreasonably dangerous condition on its property;

   b.  failure to properly prevent a dangerous and hazardous condition when Defendant knew or should have known of the condition;

   c.  failure to properly inspect the premises for the existence of a dangerous condition which is described in this Complaint;

d.  failure to remove or remediate the unreasonably dangerous condition;

e.  failure to place barricades around the basement stairs which were in a defective and dangerous condition;

f.  failure to place warning markers at the basement stairs which were in a defective and dangerous condition;

g.  created a dangerous condition on the premises which is described in this Complaint and/or failure to remediate or remove the dangerous and defective condition;

h.  failure to properly maintain the property;

i.  failure to have proper policies, procedures and safety measures and standards addressing dangerous conditions within its premises;

j.  failed to exercise reasonable care for the rights and safety of the invited public within it premises, and in particular the rights and safety of Plaintiff's decedent;

k.  failure to properly maintain the premises so that it did not impose an unreasonable risk of harm to the public, including the Plaintiff's decedent;

l.  failure to properly maintain the premises so that it did not impose an unreasonable risk of harm to tenants and/or transient lodgers, including the Plaintiff's decedent;

m. such other acts of negligence, gross negligence, recklessness, and/or wanton and/or willful misconduct, as shall be discovered during the course of proper discovery under the applicable Federal Rules of Civil Procedure.

27.     As a direct and proximate result of the negligent acts and omissions of Defendant Airbnb, Inc., as set forth in this Complaint, Plaintiff's decedent, Anna Maria Orecchia, sustained conscious pain and suffering, both mental and physical, prior to her death.

28.     As a direct and proximate result of the negligent acts and omissions of Defendant Airbnb, Inc., Plaintiff's decedent, Anna Maria Orecchia, died and suffered the loss of the pleasures and enjoyment of life.

**WHEREFORE**, Plaintiff, Claudio Berti, Executor of the Estate of Anna Maria Orecchia, deceased, demands judgment in his favor and against Defendant Airbnb, Inc. in an amount in excess of $75,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

## COUNT TWO
Plaintiff, Claudio Berti, Executor of the Estate of Anna Maria Orecchia, deceased
v. Airbnb, Inc.
### Wrongful Death Action

29.     Paragraphs 1-28 above are incorporated herein by reference as if fully set forth here at length.

30.     Plaintiff, Claudio Berti, Executor of the Estate of Anna Maria Orecchia, deceased, brings this action pursuant to the Pennsylvania Wrongful Death statute, 42 Pa.C.S.A. §8301 on behalf of the following persons who are the only persons entitled to recover damages in this action resulting from the death of Anna Maria Orecchia, deceased:

a.Claudio Berti, residing at 812 E. 7th St., Moscow, Idaho 83843;

b. Marco Berti, residing at Via del Casaletto, 40 00151 Roma, Italy.

31.     No other action for wrongful death of the decedent has been commenced against any of the Defendants in the instant case.

32.     As a direct and proximate result of the negligence of Defendant Airbnb, Inc. and the resulting death of the decedent Anna Maria Orecchia, Plaintiff Claudio Berti, Executor of the Estate of Anna Maria Orecchia, deceased, has incurred medical, funeral, burial, estate and administrative expenses.

33.     As a direct and proximate result of the negligence of Defendant Airbnb, Inc. and the resulting death of the decedent Anna Maria Orecchia, Plaintiff Claudio Berti and Marco Berti have suffered a loss of the services, society, comfort, companionship, cooperation, affection, assistance, guidance, teaching, training, advice, education, care, emotional support, and/or moral upbringing of the decedent, Anna Maria Orecchia.

**WHEREFORE**, Plaintiff, Claudio Berti, Executor of the Estate of Anna Maria Orecchia, deceased, demands judgment in his favor and against Defendant Airbnb, Inc. in an amount in excess of $75,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

## COUNT THREE
Plaintiff, Claudio Berti, Executor of the Estate of Anna Maria Orecchia, deceased
v. Luna Barakat
**Survival Act**

34.     Paragraphs 1-33 above are incorporated herein by reference as if fully set forth herein at length.

35.     Plaintiff, Claudio Berti, Executor of the Estate of Anna Maria Orecchia, deceased, brings this action on behalf of the Estate of Anna Mara Orecchia, as administrator of the estate under and by virtue of the Probate, Estate and Fiduciary Code of Pennsylvania, 20 Pa.C.S.A. §3373 and the Pennsylvania Survival Act, 42 Pa.C.S.A. §8302.

36.     The decedent, Anna Maria Orecchia, did not institute suit during her lifetime against Defendant Luna Barakat in this action for the damages resulting from or the injuries caused by the negligent acts and omissions which resulted in harm to, and the eventual death of Anna Maria Orecchia.

37.     The aforementioned incident was due to the negligent conduct, careless conduct and gross, wanton and reckless conduct of Defendant Luna

Barakat and in no way due to any negligent act or failure to act on the part of the Plaintiff's decedent Anna Maria Orecchia.

38.     As a direct and proximate result of the negligent acts and omissions of Defendant Luna Barakat as set forth in this Complaint, decedent Anna Maria Orecchia sustained pain and suffering, both physical and mental, prior to her death.

39.     The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant Luna Barakat, consisted of the following:

   a.  failure to warn Plaintiff's decedent of the existence of the unreasonably dangerous condition on its property;

   b.  failure to properly prevent a dangerous and hazardous condition when Defendant knew or should have known of the condition;

   c.  failure to properly inspect the premises for the existence of a dangerous condition which is described in this Complaint;

   d.  failure to remove or remediate the unreasonably dangerous condition;

   e.  failure to place barricades around the basement stairs which were in a defective and dangerous condition;

   f.  failure to place warning markers at the basement stairs which were in a defective and dangerous condition;

g.  created a dangerous condition on the premises which is described in

this Complaint and/or failure to remediate or remove the dangerous

and defective condition;

h.  failure to properly maintain the property;

i.  failure to have proper policies, procedures and safety measures and

standards addressing dangerous conditions within its premises;

j.  failed to exercise reasonable care for the rights and safety of the

invited public within it premises, and in particular the rights and

safety of Plaintiff's decedent;

k.  failure to properly maintain the premises so that it did not impose an

unreasonable risk of harm to the public, including the Plaintiff's

decedent;

l.  failure to properly maintain the premises so that it did not impose an

unreasonable risk of harm to tenants and/or transient lodgers,

including the Plaintiff's decedent;

m. such other acts of negligence, gross negligence, recklessness, and/or

wanton and/or willful misconduct, as shall be discovered during the

course of proper discovery under the applicable Federal Rules of Civil

Procedure.

40.     As a direct and proximate result of the negligent acts and omissions of Defendant Luna Barakat, as set forth in this Complaint, Plaintiff's decedent, Anna Maria Orecchia, sustained conscious pain and suffering, both mental and physical, prior to her death.

41.     As a direct and proximate result of the negligent acts and omissions of Defendant Luna Barakat, Plaintiff's decedent, Anna Maria Orecchia, died and suffered the loss of the pleasures and enjoyment of life.

**WHEREFORE**, Plaintiff, Claudio Berti, Executor of the Estate of Anna Maria Orecchia, deceased, demands judgment in his favor and against Defendant Luna Barakat in an amount in excess of $75,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

**COUNT FOUR**
Plaintiff, Claudio Berti, Executor of the Estate of Anna Maria Orecchia, deceased
v. Luna Barakat
**Wrongful Death Action**

42.     Paragraphs 1-41 above are incorporated herein by reference as if fully set forth here at length.

43.     Plaintiff, Plaintiff, Claudio Berti, Executor of the Estate of Anna Maria Orecchia, deceased, brings this action pursuant to the Pennsylvania Wrongful Death statute, 42 Pa.C.S.A. §8301 on behalf of the following persons who are the only persons entitled to recover damages in this action resulting from the death of Anna Maria Orecchia, deceased:

a.  Claudio Berti, residing at 812 E. 7th St., Moscow, Idaho 83843

b.  Marco Berti, residing at Via del Casaletto, 40 00151 Roma, Italy

44.    No other action for wrongful death of the decedent has been

commenced against any of the Defendants in the instant case.

45.    As a direct and proximate result of the negligence of Defendant Luna

Barakat and the resulting death of the decedent Anna Maria Orecchia, Plaintiff

Claudio Berti, Executor of the Estate of Anna Maria Orecchia, deceased, has

incurred medical, funeral, burial, estate and administrative expenses.

46.    As a direct and proximate result of the negligence of Defendant Luna

Barakat and the resulting death of the decedent Anna Maria Orecchia, Plaintiff

Claudio Berti and Marco Berti have suffered a loss of the services, society,

comfort, companionship, cooperation, affection, assistance, guidance, teaching,

training, advice, education, care, emotional support, and/or moral upbringing of the

decedent, Anna Maria Orecchia.

**WHEREFORE**, Plaintiff, Claudio Berti, Executor of the Estate of Anna

Maria Orecchia, deceased, demands judgment in his favor and against Defendant

Luna Barakat in an amount in excess of $75,000.00 plus delay damages, costs and

such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as to all issues so triable as a matter of

right pursuant to Federal Rule of Civil Procedure 38(b)(1).

**Munley Law PC**

BY: *Robert W. Munley III*
Robert W. Munley, III
ID No.: 79706

*Ciara DeN*
Ciara L. DeNaples
ID No.: 318423
Attorneys for Plaintiff